This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IRIS PARTIDA,**

Petitioner-Appellant,

v.                                                     **NO. 31,460**

**MOTOR VEHICLE DIVISION,**
**DEPARTMENT OF TAXATION AND**
**REVENUE, STATE OF NEW MEXICO,**
**KEITH PERRY, DIRECTOR,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Victor A. Titus
Farmington, NM

for Appellant

N.M. Taxation and Revenue Department
Julia A. Belles
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

In this license revocation case, Petitioner raised four issues, asking the district court to exercise its original jurisdiction with regard to the constitutional validity of the traffic stop that led to Petitioner's arrest for DWI (Issue 1), and to exercise its appellate jurisdiction to review the validity of the MVD's decision to revoke Petitioner's license under the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2010) (the Act) (Issues 2, 3, and 4). We issued a calendar notice on Issue 1, proposing summary affirmance. [CN1] Concurrently, we filed an order denying Petitioner's petition for writ of certiorari on Issues 2, 3, and 4. Petitioner has filed a memorandum in opposition to this Court's calendar notice that we have duly considered. Unpersuaded, however, we affirm.

**DISCUSSION**

Petitioner contends that the district court erred by failing to hold a de novo hearing on the constitutionality of the stop, including whether the MVD properly found that the officer lawfully stopped Petitioner, because the stop was not based on reasonable suspicion and/or it was pretextual. [DS 8-25] The calendar notice proposed summary affirmance on the basis that *Glynn v. N.M. Taxation & Revenue Dept.*, 2011-NMCA-031, 149 N.M. 518, 252 P.3d 742, *cert. denied*, 2011-NMCERT-003, __ N.M. __, __ P.3d __, controls the disposition of this issue. *Glynn* holds that "a traffic stop that complies with Fourth Amendment requirements is not a necessary

element of a license revocation under the Act." *Id.* ¶ 14.  Therefore, the validity of the traffic stop that resulted in a DWI arrest is not an issue for the MVD hearing officer to decide under Section 66-8-112(F) of the Act.  *Glynn*, 2011-NMCA-031, ¶ 19.  In addition, because the exclusionary rule does not apply in license revocation proceedings, a person who was improperly arrested but not charged could still face license revocation proceedings.  *See id.* ¶¶ 26-30.  Moreover, "[b]ecause the Act does not require the MVD to address the validity of the underlying traffic stop and because the exclusionary rule does not apply in revocation proceedings, the constitutionality of the stop need not be decided by any tribunal for purposes of license revocation under the Act."  *Id.* ¶ 33.

The calendar notice proposed to hold, therefore, that under *Glynn*, the district court was correct to review the validity of the MVD's decision to revoke Petitioner's driver's license without deciding whether the underlying traffic stop was constitutionally valid or not.  Petitioner's memorandum in opposition [MIO] asks this Court to withhold disposition of this case until the New Mexico Supreme Court decides *Schuster v. MVD*, slip op. (N.M. Ct. App. 30,023), *cert. granted* 2011-NMCERT-005, __ N.M. __, __ P.3d __.  [MIO 2]  We decline to do so.  *See* Rule 12-405(C) NMRA (effective for cases pending or filed on or after September 12, 2011) (stating that "[a] petition for a writ of certiorari filed pursuant to Rule 12-502

NMRA or a Supreme Court order granting the petition does not affect the precedential value of an opinion of the Court of Appeals, unless otherwise ordered by the Supreme Court").

**CONCLUSION**

We affirm the district court's decision not to hold a de novo hearing on the constitutional validity of the stop, and we affirm the revocation of Petitioner's driver's license.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**

4